# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOUFIC NADDI,<br><br>                Petitioner,<br>vs.<br>DANIEL PARAMO, warden, and KAMALA HARRIS,<br><br>                Respondents. | CASE NO. 13cv2751-WQH-WVG<br><br>ORDER |

HAYES, Judge:

    The matters before the Court is the Notice of Appeal, construed as containing a request for a certificate of appealability (ECF No. 23), and the Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 24), filed by Petitioner Toufic Naddi.

## I. Background

    On November 15, 2013, Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2254. (ECF No. 1). On December 2, 2013, the Court issued an Order dismissing the Petition as successive pursuant to 28 U.S.C. section 2244(b)(3)(A). (ECF No. 2). On March 21, 2014, Petitioner filed a motion for relief from judgment. (ECF No. 4). On March 28, 2014, the Court issued an Order denying the motion for relief from judgment. (ECF No. 5). On May 20, 2014, Petitioner filed a motion for reconsideration of the March 28, 2014 Order. (ECF No. 14). On October 6, 2014, the Court issued an Order denying the

1 motion for reconsideration. (ECF No. 22). On October 23, 2014, Petitioner filed the
2 Notice of Appeal. (ECF No. 23). Petitioner appeals this Court's October 6, 2014 Order
3 denying Petitioner's motion for reconsideration. On November 4, 2014, Petitioner filed
4 the Motion to Proceed IFP. (ECF No. 24).

**II. Certificate of Appealability (ECF No. 23)**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability should be issued only where the appeal presents a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, ... [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this case, Petitioner has filed a successive petition. 28 U.S.C. section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file a successive petition. On January 23, 2014, the Ninth Circuit issued an Order denying Petitioner's application for authorization to file a second or

successive petition. (Lodgment 6). Absent leave from the Ninth Circuit, this Court lacks jurisdiction to consider the merits of Petitioner's petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (noting that a district court lacks jurisdiction to consider the merits of a "second or successive" petition without authorization from the Ninth Circuit Court of Appeals). Because a "plain procedural bar is present[,] ... a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Petitioner's request for a certificate of appealability is denied.

## III. Motion to Proceed IFP (ECF No. 24)

Pursuant to Federal Rule of Appellate Procedure 24, "a party to a district court action who wishes to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). "The party must attach an affidavit that ... shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs...." Fed. R. App. P. 24(a)(1)(A); *see also* 28 U.S.C. § 1915(a)(1) (requiring that a prisoner who wishes to proceed IFP provide "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."). In addition, a prisoner who wishes to proceed IFP must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). "A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless ... the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in

forma pauperis and states in writing its reasons for the certification or finding..." Fed. R. App. P. 24(a)(3)(A). In the Ninth Circuit, "good faith" means that "at least one issue or claim is found to be non-frivolous." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

Petitioner has filed an California Department of Corrections and Rehabilitation Inmate Statement Report, which reflects a total current available balance of $0.00. Petitioner states that he has no assets or checking or savings accounts.

The Court has reviewed the affidavit and account statement and finds that they are sufficient to show that Plaintiff is unable to pay the $500.00 fee for filing a notice of appeal. Petitioner's motion to proceed IFP on appeal is granted.

**IV. Conclusion**

IT IS HEREBY ORDERED that Petitioner's request for a certificate of appealability (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed IFP (ECF No. 24) is GRANTED.

DATED: November 14, 2014

**WILLIAM Q. HAYES**
United States District Judge